## THE FIRST UNITARIAN SOCIETY OF KEOKUK ET AL. v. HARRISON ET AL.

1. **Will:** CONSTRUCTION: DISPOSITION OF EXCESS OVER NAMED SUM: TIME AND MODE OF VALUATION.  The testator in the will in question devised his property in certain proportions to his wife and children, but he also provided in his will as follows: "If, when my estate comes to be divided as herein directed, it shall be found to exceed $100,000 in value, then no more than the above-named sum shall be inherited by my family under this will.  If there be any excess over the above-named sum, such excess shall be paid to the" plaintiffs.  *Held* that it was the testator's intent that the valuation of his estate, for the purposes of the will, should be made of the time of his death, and that the mode of valuation should be by the appraisement provided by law.  And, since the estate was valued by the appraisers at less than $100,000, the plaintiffs took nothing under the will, though, by the rise of values and the accumulation of rents and interest, the estate so increased in value that the members of the family received much more than $100,000 upon final distribution.

*Appeal from Lee Circuit Court.*

FRIDAY, MARCH 18.

THIS action in equity was brought by the plaintiffs, as devisees in the will of E. H. Harrison, deceased, against the defendants, as executors of the will, for the purpose of ascertaining their respective interests in the estate, and for the purpose of obtaining a decree for the payment of the same. The court found that the plaintiffs took nothing under the will, and rendered a decree accordingly. The plaintiffs appeal.

*Craig, Collier & Craig* and *Anderson Bros. & Davis,* for appellants.

*Hagerman, McCrary & Hagerman* and *Elijah George,* for appellees.

ADAMS, CH. J.—The testator died in December, 1877, leaving a widow, a daughter and two sons. For the purposes of the opinion it will be sufficiently accurate to say that he devised one-third of his property to his wife, one-third to his daughter, and one-sixth to each of his sons. But such devise was made subject to a conditional devise to the plaintiffs herein, the provision by which the conditional devise was made being in these words: "If, when my estate comes to be divided as herein directed, it shall be found to exceed one hundred thousand dollars in value, then no more than the above-named sum shall be inherited by my family under this will. If there be any excess over the above-named sum, such excess shall be paid to the trustees of the First Unitarian Society of the city of Keokuk, Iowa, to be applied by them for the benefit of said society in such manner as to the said trustees may seem best: provided, that, if such excess exceeds ten thousand dollars, then all that may remain above the sum of $10,000 shall be paid to the American Unitarian Asso-

ciation of Boston, Mass., to be applied by it in aiding feeble Unitarian churches in the West."

The plaintiffs claim that, when the estate came to be divided as the testator directed, it was found to exceed $100,-000 in value, and the American Unitarian Association of Boston claims that it was found to exceed $110,000 in value. The fact appears to be that at the time of the appraisement it was found to be worth considerably less than $100,000, but before the estate was fully settled most of the assets appreciated in value, and a considerable amount of rents, interest and dividends was collected by the executors; and it is contended by the plaintiffs that the widow and children have already received about $100,000, and that assets of the value of about $21,000 still remain in the executor's hands.

It became an important question to determine in reference to what time the value of the estate should be ascertained. It became also an important question to determine by what means the value should be ascertained. The court held that the time with reference to which the value of the estate was to be ascertained was that of the testator's death, and that the appraisement was *prima facie* evidence of the value at the time of the appraisement, and was not overcome by other evidence; and that it appeared from the evidence that there was no change in value between the time of appraisement and the time of the testator's death.

The question with reference to what time the value was to be ascertained must be determined by a construction of the will. The time, as indicated by the testator, was that when his estate should come to be divided as by him directed in his will. The precise words used were: "If, when my estate comes to be divided as herein directed, it shall be found to exceed $100,000 in value," etc. In construing the words, we may have reference to other words used in connection herewith, which are: "No more than the above sum [$100,-000] shall be inherited by my family under this will." The question as to what construction ought to be put upon these

provisions is one not free from doubt; and this is so, not-withstanding the fact that we have been favored with arguments of unusual learning and ability upon both sides. We have to say, however, that we have each of us reached the conclusion, upon a careful and separate examination of the case, that the rulings of the court below were substantially correct, and upon consultation after examination our conclusion remains unchanged. The will contemplates that when the estate should come to be divided it might be found to exceed $100,000 in *value*. Here is an intimation that it was to be valued upon the division taking place. We must, if we can reasonably, give some force to the words "in value," and we cannot give them force without supposing that the testator had in mind the estate at time of division as not converted into money. If converted into money, it simply either would or would not exceed $100,000.

If we are correct in supposing that the testator contemplated that there would be a valuation of the estate upon the division taking place, it follows, almost by necessity, that the defendant's position must be sustained. The testator must, we think, have had in mind such valuation as is made in the ordinary course of administration. In the absence of an agreement, no other valuation could be had without resort to litigation. The prospect of an agreement upon such a question would be too small to justify the supposition that the testator relied upon it, nor can we suppose for a moment that he understood that he was providing for litigation. It seems far more reasonable to suppose that he contemplated that the valuation would be made as the law provides in the settlement of every estate; and that is by appraisers selected and duly appointed by the court to make and report a valuation, to become a part of the records of the estate. Under this view, the will means the same as if it read: "If, when my estate comes to be divided as herein directed, it shall be found by the appraisement to exceed $100,000 in value," etc. Now, no one would doubt if the will read thus that the

division referred to is that which took place by operation of the will at the testator's death. The testator carved the estate in parts, or, in other words, he made a division of it as the foundation of a future distribution of it. This view is strengthened by other words used in the will, which are as follows: "No more than the above sum [$100,000] shall be inherited by my family under the will." While the word "inherited" was not properly used, it has no little bearing upon the question of construction. Where a word is improperly used, we should doubtless, ordinarily, give it the meaning which is nearest to the proper meaning. Inheritance takes place, if at all, at the death of the ancestor, and we have no doubt that the testator so understood it, and had in mind the transmission of the property from himself to his family when his death should occur. It seems to follow that, by providing that the family should not inherit more than the amount of $100,000, the testator designed that the estimate should be made as of the time when they should inherit it or take it as if they had been heirs to that amount. If the estimate were to be made as of the time of distribution, he would see that they would need to inherit (using the word "inherit" as he evidently used it) more or less than the amount of $100,000, according as the value should fall or rise between the time of his death and the time of distribution. It is insisted by the plaintiffs that, if the testator had contemplated that the value was to be estimated as of the time of his death, he would more naturally have said: "*If, at the time of my death,* it shall be found that my estate exceeds," etc., instead of saying, as he did, "If, when my estate comes to be divided." But it is manifest that the principal thought of the testator was in relation to the shares into which the estate was to be divided, and the value of those shares. Besides, it might have been more congenial to his feelings to refer to the time of his death without the use of the most explicit words. We do not say that the considera-

tion urged by the plaintiffs is without weight, but we do not deem it of controlling importance.

It might have been urged by the plaintiffs, though we believe it is not mentioned by them, that the appraisement provided by law could not, in the nature of the case, be made at the time of the testator's death, and so he could not have relied upon it as necessarily showing the value of the estate at the time of his death. To this supposed argument we think it sufficient to say that, in the ordinary course of administration, the time between the death of the testator and the appraisement is not long. It is true, there might be considerable fluctuations of value during that time, but we cannot think that such were contemplated by the testator, and, as a matter of fact, in the case at bar it appears that they did not occur.

In conclusion, we have to say that under the construction which we have placed upon the will, and under the evidence in regard to value, it appears that the estate at the time of division or so-called inheritance did not exceed $100,000 in value, and that the plaintiffs consequently took no interest therein, and the decree of the circuit court must be

AFFIRMED.